IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| | ) | |
| RICKY A.W. CURTIS | ) | |
| 3229 Highway 126 | ) | |
| Blountville, Tennessee 37617, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PERMANENT INJUNCTION

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to compel defendant Ricky A.W. Curtis to timely withhold, collect and pay over to the Internal Revenue Service ("the Service") employment tax liabilities accruing by his law practice; to pay quarterly employment taxes and the balances due for these taxes, to collect the unpaid employment taxes assessed against him; and to enjoin him from further violating and interfering with the administration of the internal revenue laws. In support of this action, the United States alleges as follows.

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402(a).

2. Venue is proper in this Court by virtue of 28 U.S.C. §§ 1391 and 1396.

1

16387328.1

## Parties

3. The plaintiff is the United States of America.

4. The defendant, Ricky A.W. Curtis ("Curtis"), resides at 3229 Highway 126, Blountville, Tennessee, within the jurisdiction of the Court. Curtis is a self-employed attorney with a sole proprietorship law practice operated out of his house in Blountville, Tennessee.

## Obligations To Make Deposits Of Employment Taxes

5. As an employer, Curtis is required by law to withhold from his employees' wages federal income and Federal Insurance Contribution Act ("FICA") taxes, and to pay over to the Service those withholdings along with the employer's own FICA taxes, and Federal Unemployment Tax Act (FUTA) taxes (collectively "employment taxes"). 26 U.S.C. §§ 3102, 3111, 3301, and 3402.

6. Curtis is required by law to make periodic deposits of withheld FICA taxes, as well as his share of employment taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations. 26 U.S.C. §§ 6302, 6157; 26 C.F.R. §§ 31.6302-1, 31.6302(c)-1, 31.6302(c)-3. Curtis has consistently failed to make these deposits.

7. Curtis is required by law to file Employer's Quarterly Federal Tax Returns (IRS Forms 941) and annual FUTA Returns (IRS Forms 940) with the Service. 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1. Curtis has failed to file Forms 941 and Forms 940 for the periods and years at issue. The basis for the FICA and FUTA tax assessments made against Curtis are tax returns filed for him by the Service, under 26 U.S.C. § 6020(b). He has failed to pay the employment taxes due reflected on those returns.

## Curtis' History Of Noncompliance With His Employment Tax Obligations

8. As an employer, Curtis has failed to make periodic deposits of withheld FICA taxes, as well as his share of employment taxes, in a federal depository bank in accordance with the federal deposit regulations. Curtis is indebted to the United States for FICA taxes for the second and third quarters of 2009, the first and second quarters of 2011, the fourth quarter of 2012, the four quarters of 2013, the four quarters of 2014, the four quarters of 2015, and the first, second, and third quarters of 2016, as of April 9, 2018, in the total amount of $ 50,370.04, plus plus statutory additions.

9. Curtis has failed to pay FICA taxes arising out of the employment tax liabilities of his law practice beginning with the second quarter of 2009 and, as noted above, continuing through the third quarter of 2016, resulting in a FICA tax liability, as of April 9, 2016, of over $ 50,000, and his failure to pay FICA taxes is likely to continue unless an injunction is issued.

10. Even when Curtis fails to pay over taxes withheld from his employees' wages, the employees receive credit against any tax due; and amounts credited in excess of tax due are treated as overpayments which may be refunded to the employee. See Slodov v. United States, 436 U.S. 238, 243 (1978). Thus, the United States is harmed when it must credit an employee's account even though the withheld taxes were not paid over to the United States.

## The Service's Unsuccessful Efforts to Enable Curtis to Comply With the Tax Laws

11. Curtis is an attorney practicing in Sullivan County, Tennessee. His law office, which is also his personal residence, is located across the street from the county courthouse and jail. Curtis has consistently failed to file employment tax returns and pay employment taxes since the second quarter of 2009. The Service has taken numerous actions in an attempt to enable him

to comply with the internal revenue laws. In March, 2016, the Service issued a collection due process ("CDP") notice to Curtis and levied upon his bank account at First Tennessee Bank, which yielded approximately $ 2,100. The Service issued a levy to the State of Tennessee, which yielded $ 1,250. Curtis has no assets other than his office / personal residence. The Service has filed notices of federal tax liens in Sullivan County. There are no other administrative options, such as an installment agreement or offer in compromise, that would be appropriate, warranting an injunction.

### COUNT I – REDUCE EMPLOYMENT TAX ASSESSMENTS TO JUDGMENT

12. The United States incorporates by reference the allegations in ¶¶ 1 – 11, above.

13. Curtis failed to file Employer's Quarterly Federal Tax Returns (IRS Form 941) for the periods at issue. After an investigation into his unpaid federal employment tax liabilities, a delegate of the Secretary of the Treasury of the United States made assessments against him for federal employment (Form 941) taxes, and statutory additions to tax, as follows:

| Tax Period Ending | Date of Assessment | Unpaid Balance of Assessment as of 4/9/2018 | Accrued Interest and Pay Penalty (P) as of 4/9/2018 | Amount Due as of 4/9/2018 |
|---|---|---|---|---|
| 6/30/2009 | 05/23/2016 | $ 901.30 | $ 13.47 | $ 914.77 |
| 9/30/2009 | 05/23/2016 | $ 1,591.99 | $ 23.78 | $ 1,615.77 |
| 3/31/2011 | 05/23/2016 | $ 3,363.85 | $ 50.23 | $ 3,414.08 |
| 6/30/2011 | 05/23/2016 | $ 3,331.54 | $ 49.75 | $ 3,381.29 |

| | | | | |
|---|---|---|---|---|
| 12/31/2012 | 08/31/2015 | $ 833.32 | $ 12.44 | $ 845.76 |
| 3/31/2013 | 08/31/2015 | $ 2,179.13 | $ 32.53 | $ 2,211.66 |
| 6/30/2013 | 08/31/2015 | $ 2,215.93 | $ 33.08 | $ 2,249.01 |
| 9/30/2013 | 08/31/2015 | $ 2,252.13 | $ 33.62 | $ 2,285.75 |
| 12/31/2013 | 08/31/2015 | $ 2,286.87 | $ 34.15 | $ 2,321.02 |
| 3/31/2014 | 08/31/2015 | $ 2,321.54 | $ 34.67 | $ 2,356.21 |
| 6/30/2014 | 05/30/2016 | $ 2,388.48 | $ 35.67 | $ 2,424.15 |
| 9/30/2014 | 05/23/2016 | $ 2,461.62 | $ 36.76 | $ 2,498.38 |
| 12/31/2014 | 05/23/2016 | $ 2,615.13 | $ 39.05 | $ 2,654.18 |
| 3/31/2015 | 05/23/2016 | $ 2,693.57 | $ 40.22<br>$ 16.94 (P) | $ 2,750.73 |
| 6/30/2015 | 05/23/2016 | $ 2,870.17 | $ 42.85<br>$ 45.89 (P) | $ 2,958.91 |
| 9/30/2015 | 05/23/2016 | $ 2,931.00 | $ 43.77<br>$ 76.25 (P) | $ 3,051.02 |
| 12/31/2015 | 05/23/2016 | $ 2,701.77 | $ 40.35<br>$ 98.84 (P) | $ 2,840.96 |
| 3/31/2016 | 01/16/2017 | $ 2,540.10 | $ 128.31<br>$ 279.47 (P) | $ 2,947.88 |
| 6/30/2016 | 01/16/2017 | $ 2,708.91 | $ 137.02<br>$ 307.39 (P) | $ 3,153.32 |
| 9/30/2016 | 02/06/2017 | $ 2,993.82 | $ 143.96<br>$ 357.41 (P) | $ 3,495.19 |
| TOTAL | | | | $ 50,370.04 |

14. Despite notice and demand for payment, Curtis has failed, neglected, or refused to pay the outstanding assessments, described above. As a result, there remains due and owing from Curtis for unpaid FICA taxes, and statutory additions, as of April 9, 2018, the amount of $ 50,370.04, plus statutory additions to tax accruing thereon according to law.

15. Curtis failed to file Employer's Annual Federal Unemployment (FUTA) Tax Returns (IRS Form 940) for the years 2012 and 2013. On August 31, 2015, a delegate of the Secretary of the Treasury assessed against Curtis Federal Unemployment Tax Act (FUTA) taxes, and statutory additions to tax, for the years 2012 and 2013. Despite notice and demand for payment, Curtis has failed, neglected or refused to pay the outstanding assessment. As a result, there remains due and owing from Curtis for unpaid FUTA tax, and statutory additions, as of April 9, 2018, for the years 2012 and 2013, the amounts of $ 140.45 and $ 121.36, respectively, plus statutory additions to tax accruing thereon according to law.

WHEREFORE, the United States of America, prays as follows:

A. That the Court order and adjudge that Ricky A.W. Curtis is indebted to the United States for unpaid FICA taxes, and statutory addition to tax, as of April 9, 2018, in the amount of $ 50,370.04, plus statutory additions to tax according to law, and continuing until paid;

B. That the Court order and adjudge that Ricky A.W. Curtis is indebted to the United States for unpaid FUTA taxes and statutory addition to tax, for the year 2012, in the amount of $ 140.45, plus statutory additions to tax according to law, and continuing until paid;

C. That the Court order and adjudge that Ricky A.W. Curtis is indebted to the

United States for unpaid FUTA taxes and statutory addition to tax, for the year 2013, in the amount of $ 121.36, plus statutory additions to tax according to law, and continuing until paid

    B.    Such other and further relief as may be deemed just and proper under the circumstances, including costs.

### COUNT II – INJUNCTION UNDER 26 U.S.C. § 7402(a)

16. 26 U.S.C. § 7402(a) authorizes the United States district court to issue injunctions as may be necessary or appropriate for enforcement of the internal revenue laws. The injunction remedy is in addition to, and not exclusive of, other remedies available to the United States.

17. As an employer, Curtis has substantially interfered with and continues to substantially interfere with the internal revenue laws by continually failing to pay employment tax obligations required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and failing to make employment tax deposits as required by 26 U.S.C. § 6302.

18. Curtis' tax payment and filing history is inexcusable and after years of non-compliance, it is unlikely that he will suddenly comply with the employment tax laws.

19. The Service has expended significant resources in an attempt to bring Curtis into tax compliance, including filing notices of federal tax lien against Curtis with respect to his unpaid federal tax liabilities, and issuing an IRS Letter 903 to him on January 26, 2017, which advised Curtis that the United States could commence a civil action for an injunction that would require him to pay his federal employment tax liabilities as required by law. While there remains some potential for collection of past due amounts through continued enforcement action, it is unreasonable to expect him to timely pay income taxes in the future. Absent an injunction, his

7

16387328.1

Case 2:18-cv-00054   Document 1   Filed 04/10/18   Page 7 of 10   PageID #: 7

non-compliance with his income tax payment obligations will almost assuredly continue, causing irreparable harm to the United States.

20. Absent court intervention, the United States lacks an adequate legal remedy to prevent additional nonpayment of employment taxes by Curtis. The United States has suffered and will continue to suffer irreparable harm as a result of his law practice's violation of federal statutes, including but not limited to: (a) loss of tax revenue, including the loss of employee(s)' FICA and income taxes for which the employee(s) already have received credit; (b) the drain on limited Internal Revenue Service resources on account of required oversight and unsuccessful collection efforts; (c) the lack of other avenues to fully collect his law practice's employment tax liabilities; and (d) the harm to the tax system as a whole when competitors see the law practice's continued non-compliance with the internal revenue laws.

21. The harm suffered by the United States as a result of the continued nonpayment of employment taxes outweighs the harm suffered by Curtis being required to timely pay employment tax obligations.

22. An injunction would serve the public interest. As the efficacy of the federal income tax and Social Security system relies on employers to collect and remit income and FICA taxes paid by its employees, the nonpayment undermines a vital cog in our system of tax collection. Additionally, by using tax money to pay the law practice's expenses, Curtis exacts an involuntary subsidy from taxpayers and effectively gains an unfair competitive advantage over competitors that comply with the tax laws.

23. In the absence of an injunction backed by the Court's contempt powers, Curtis

is likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by the nonpayment of employment taxes to the detriment of the United States.

WHEREFORE, the United States respectfully prays that the Court enter a permanent injunction ordering that Curtis :

a. Has engaged and is engaging in conduct interfering with the enforcement of the internal revenue laws, and that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is appropriate to stop that conduct;

b. Deposit withheld employee income taxes, withheld employee FICA taxes, and employer FICA taxes, in an appropriate federal depository bank, in accordance with federal deposit regulations;

c. Sign and deliver affidavits to the Internal Revenue Service office located at 710 Locust Street, Knoxville, Tennessee 37902 (attn: Shane Murray revenue officer / Stephanie Mountcastle revenue officer acting group manager) or to such other location designated by the Service, no later than the 20th of each month, stating that the requisite deposits of withheld income tax, withheld FICA tax, employer FICA tax, and unemployment tax have been made in a timely manner;

d. Timely file federal employment tax returns (IRS Forms 941 and 940);

e. Timely pay all outstanding liabilities due on each Form 941 return and Form 940 return required to be filed;

f. Be prohibited from assigning any property or making any payments after an injunction is issued until the withholding liabilities and employment taxes are first properly

deposited or paid to the Service;

      g.      That the Court retain jurisdiction over this case to ensure compliance with this injunction; and

      k.      That the Court grant the United States such other relief, including costs, as the Court deems appropriate.

Date: April 10, 2018.

                    J. DOUGLAS OVERBEY
                    United States Attorney

                    /s/ Michael J. Martineau
                    MICHAEL J. MARTINEAU
                    Trial Attorney, Tax Division
                    U. S. Department of Justice
                    Post Office Box 227, Ben Franklin Station
                    Washington, D.C.  20044
                    Telephone/copier: (202) 307-6483
                    Telecopier: (202) 514-6866

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES

**DEFENDANTS** RICKY A.W. CURTIS, 3229 Highway 126, Blountville, TN 37617

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Sullivan
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael J. Martineau, Tax Division, U.S. Dep't of Justice, P.O. Box 227, Ben Franklin Station, Washington, D.C. 20044, Telephone: 202.307.6483

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. section 7402(a)

Brief description of cause:
Injunction requiring defendant to make employment tax deposits, pay quarterly employment taxes, and pay taxes

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 50,370.04
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE April 10, 2018
SIGNATURE OF ATTORNEY OF RECORD
*/s/ Michael J. Martineau*

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee ▼

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> *Plaintiff(s)* <br> v. <br> RICKY A.W. CURTIS <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* RICKY A.W. CURTIS
Rickey A.W. Curtis Attorney at Law
3229 Highway 126
Blountville, TN 37617

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: MICHAEL J. MARTINEAU, ESQUIRE
Trial Attorney, Tax Division
U.S. Depatment of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: